H. H. BOLLES *et al.* Appellants, *vs.* WILLIAM PRINCE *et al.* Appellees.

*Opinion filed April 19, 1911.*

1. CONSTITUTIONAL LAW—*matter of paying expenses of township election is within title of the City Elections act.* A township election, so far as that part of the territory of the town within the boundaries of a city is concerned, is an election within the city, and the matter of providing for the expense of such election is within the title of the City Elections act.

2. SAME—*sections 9 and 10 of article 9 of constitution do not refer to townships.* Sections 9 and 10 of article 9 of the constitution, prohibiting the imposition of taxes upon a municipal corporation except by its corporate authorities and for its corporate purposes, do not refer to townships, as a township, like a county, is a public corporation, which exists only for public purposes connected with the administration of the State government.

3. SAME—*township and its revenues are subject to legislative control.* A township, as well as its revenues, in the absence of express constitutional restriction, is subject to legislative control, so long as its property is not diverted from the use and objects for which it was given or obtained.

4. ELECTIONS—*the legislature has power to apportion expense of township election under City Elections act.* The legislature has the power to apportion the expenses of a township election held under the provisions of the City Elections act among the township, county and city.

5. SAME—*when township should pay judges and clerks of township election.* Article 7 of the City Elections act requires the county to pay salaries of election commissioners and clerks and the city to pay the expenses incurred by the board of election commissioners; and while there is no express provision that the township shall pay the judges and clerks in a township election, yet it is proper for the township to pay them, unless, as in case of the election of township officers at a city election, there is some provision of the statute to the contrary.

6. SAME—*a township is not liable for rent of polling places in city.* Where a township election within the limits of a city, which includes a part of the township, is held under the City Elections act, the township is not liable for the rent of the polling places in the city or for printing and miscellaneous expenses occasioned by holding the election under that act.

APPEAL from the Circuit Court of Vermilion county; the Hon. W. B. SCHOLFIELD, Judge, presiding.

I. A. LOVE, and J. B. MANN, for appellants.

REARICK & MEEKS, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The city of Danville adopted the City Election act, (Hurd's Stat. 1909, p. 984,) and the first election held under its provisions was the township election on April 5, 1910. The city of Danville includes a part of the territory of the town of Danville. After the election the board of election commissioners presented to the board of town auditors of the town of Danville a bill for the expenses of conducting the registration and election in that part of the city within the town of Danville. The bill included the compensation of the judges and clerks of election, $2040; rent of places for registration and election, $252; printing and miscellaneous items, $429.51. The board of town auditors refused to audit or allow the bill, for the reason stated that "an uncertainty exists as to the legal liability

of the township therefor." Thereupon a petition for a *mandamus* against the board of town auditors to meet, audit and allow the bill and the claims of the petitioners was filed in the circuit court. A demurrer was sustained, the petition was dismissed and the petitioners appeal. There were four petitioners, one a judge of election, one a clerk of election, one who furnished a place for the election and one who furnished printing and stationery.

The demurrer raised several constitutional objections to the City Election act, most of which are not insisted upon here, and would, in any event, be unavailing in view of the decisions in *People* v. *Hoffman,* 116 Ill. 587, *Wetherell* v. *Devine,* id. 631, and *People* v. *Wanek,* 241 id. 529. It is, however, insisted that if the act controls the expenses of town elections it includes a subject matter not mentioned in the title, which is, "An act regulating the holding of elections and declaring the result thereof in cities, villages and incorporated towns in this State." The expense of holding an election in the city and declaring the result thereof, even though it should be an election of town officers, is within the title. The town election, so far as that part of the territory of the town within the boundaries of the city is concerned, is an election in a city.

It is insisted that if the expenses incurred by the election commissioners in the township election, and the registration therefor, are imposed upon the township, the act violates sections 9 and 10 of article 9 of the constitution, which prohibit the imposition of taxes upon a municipal corporation except by its corporate authorities and for its corporate purposes. It was stated in *Wetherell* v. *Devine, supra,* that those sections have no reference to counties but relate to and regulate the taxes for cities, towns and villages. The reasoning of that case applies with equal force to a township as to a county, and the power of the legislature over the revenues of a township is equally as extensive as over the revenues of a county. A township, like a

county, is a public corporation, which exists only for public purposes connected with the administration of the State government, and it and its revenues are alike, when no express constitutional restriction is found to the contrary, subject to legislative control, so that its property is not diverted from the uses and objects for which it was given or obtained. (*Marion County* v. *Lear,* 108 Ill. 343; *Wilson* v. *Board of Trustees,* 133 id. 443; *People* v. *Bowman,* 247 id. 276.) The legislature having control of the funds of the township was authorized to require the payment of the expenses of the township election by the township. The cost of the election is greater because of the larger and denser population of the city. The city received the benefit of the registration in the city election and the county also will be benefited by it.. The legislature had the authority to make an apportionment of the cost among the county, the city and the township and require each to bear its portion. Article 7 of the act is devoted to this purpose. The county is required to pay the salaries of the election commissioners and chief clerks. The city is required to pay all expenses incurred by the board of election commissioners. The judges and clerks of election are directed to be allowed and paid five dollars a day in all city elections by the city, in State and county elections by the county. From what source the judges and clerks of a township election are to receive their pay is not expressly declared. It was not expressly declared either before or after the enactment of the City Election act. Before that act the judges and clerks of State and county elections were directed to be paid out of the county treasury. (Rev. Stat. 1874, chap. 46, sec. 75.) Though it was not expressly so provided, the judges and clerks of township elections have uniformly received their pay, at the rate provided by the general Election law, from the township,—the municipality to which they rendered service. The City Election act has declared that the judges and clerks of election shall be paid.

It has fixed the amount of their compensation. They are essential to the conduct of a township election. In the absence of any other provision of law the township is under obligation to pay them. The township is not, however, liable for the rent of the places of holding the election or the printing and miscellaneous expenses. These were expenses incurred by the commissioners required to be paid by the city. Nor is the township liable for the compensation of the judges and clerks of election when township officers are elected at a city election, for it is expressly provided by section 4 of article 7 of the act that the city shall pay their compensation in such case.

The judgment will be reversed and the cause remanded to the circuit court, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*