### Gust Johnson, Appellant, v. County of Winnebago, Appellee.

### Gen. No. 5573.

ELECTIONS—*for what expenses county not liable.* A county is not liable for reasonable compensation to one who at the instance of the Election Commissioners of a city which has adopted the City Election Act, delivers for use at a primary election "the booths, ballot boxes, ballots, guard rails and other necessary articles for the conducting of said election."

Appeal from the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 13, 1912. *Certiorari* denied by Supreme Court (making opinion final).

A. PHILLIP SMITH, for appellant.

HARRY B. NORTH, for appellee.

MR. JUSTICE MORTON W. THOMPSON delivered the opinion of the court.

The City of Rockford adopted what is known as the City Election Act (Revised Statutes 1909, page 984). Plaintiff sued defendant, and the case was tried before the judge upon a stipulation of facts in substance as follows: That the City of Rockford adopted said act in 1910; that February 25, 1911, a special primary election was held in the seventeenth judicial circuit to nominate candidates for judge in said circuit, to suc-

ceed Hon. Robert W. Wright, deceased; that the Board of Election Commissioners of said city employed plaintiff to, and he did deliver to the voting places in said city, "the booths, ballot boxes, ballots, guard rails and other articles necessary for the conducting of said election," for the sum of twenty dollårs; that said sum is reasonable, and that it is due and payable to plaintiff.

Propositions of law were submitted, and judgment was entered against plaintiff for costs, and he appeals. The only question urged here is whether or not the defendant is liable to plaintiff for said amount under the stipulated facts.

Article VII, Section 1 of the Election Law provides that "All expenses incurred by such board of Election Commissioners shall be paid by such city". The case of Bolles et al. v. Prince et al., 250 Ill. 36, was where one judge of election, one clerk of election, one who furnished a place for the election, and one who furnished printing and stationery for the township election in the City of Danville, which had previously adopted the City Election Law, filed a petition for a *mandamus* against the board of town auditors to meet, audit and allow their claims for said services. A demurrer was sustained to the petition and it was dismissed, and they appealed.

The Supreme Court in deciding the case reversed the judgment of the trial court, and say, "The legislature had the authority to make an apportionment of the cost among the county, the city, and the township, and require each to bear its proportion. Article 7 of the act is devoted to this purpose. The county is required to pay the salaries of the election commissioners and chief clerks. The city is required to pay all expenses incurred by the board of election commissioners * * * The township is not, however, liable for the rent of places of holding the election and the printing and miscellaneous expenses. These were

expenses incurred by the commissioners required to be paid by the city."

Plaintiff's claim certainly comes within the term "miscellaneous expenses."

Appellant argues that the attention of the Supreme Court was not called to the provisions of the act known as the "Ballot Law" in the Bolles case, therefore it should not apply in this case. However that may be, we fail to find anything in that act which would justify us in refusing to follow the holdings in the Bolles case.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*