GUST JOHNSON, Plaintiff in Error, *vs.* THE COUNTY OF WINNEBAGO, Defendant in Error.

*Opinion filed December 17, 1912.*

1. ELECTIONS—*under the City Elections act the city must pay miscellaneous expenses incurred by board of election commissioners.* Under section 1 of article 7 of the City Elections act a city which has adopted such law must pay all miscellaneous expenses incurred by the board of election commissioners, notwithstanding the provision of the general Ballot law requiring the county to pay the expenses of holding all elections other than those in cities, villages and incorporated towns. (*Bolles* v. *Prince,* 250 Ill. 36, adhered to.)

2. SAME—*when county is not liable for expense of distributing election supplies in city.* Where a city has adopted the City Elections act, the city, and not the county, is liable for the expense of distributing the booths, ballot-boxes and other election supplies to the various polling places in the city, notwithstanding the election is a special primary election for a judicial circuit embracing the county, but which was conducted, within the limits of the city, by the board of election commissioners. (*People* v. *Bowman,* 253 Ill. 234, explained.)

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presiding.

A. PHILIP SMITH, for plaintiff in error.

HARRY B. NORTH, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Gust Johnson, the plaintiff in error, brought suit in assumpsit in the circuit court of Winnebago county against the county of Winnebago to recover the sum of $20 alleged to be due him for work and labor. Trial was had before the court without a jury upon a stipulation of facts, and resulted in a judgment in favor of the defendant. John-

son appealed to the Appellate Court for the Second District, where the judgment of the circuit court was affirmed. The Appellate Court granted a certificate of importance, and the record has been brought to this court by writ of error.

From the stipulation of facts it appears that the city of Rockford, in Winnebago county, has adopted the City Election law; that election commissioners have been selected in accordance with the provisions of that act, and that such commissioners have full charge of all elections held within the city of Rockford; that on February 25, 1911, a special primary election was held in the seventeenth judicial circuit, which includes the county of Winnebago, to choose nominees for the office of judge of the circuit court of that circuit; that the board of election commissioners took charge of and conducted said primary election in the city of Rockford, and, among other things, engaged the plaintiff in error, Johnson, to deliver to the various polling places in the city of Rockford the booths, ballots, ballot-boxes, guard-rails and other articles necessary for conducting said election, and agreed with him that he should receive therefor the sum of $20; that Johnson delivered the election supplies to the various voting places as directed but has not received any compensation therefor; that $20 is a reasonable, customary and usual charge for the services performed by him; that Johnson has requested the board of election commissioners and the board of supervisors of the county of Winnebago to pay him the said sum for his services but they have refused to do so.

The principal controversy in the case is whether the county of Winnebago is liable for expenses incurred by the board of election commissioners of the city of Rockford in holding the special primary election, or whether such expenses are properly chargeable against the city of Rockford. Section 1 of article 7 of the City Election act provides that "all expenses incurred by such board of election

commissioners shall be paid by such city" as has adopted the act. In *Bolles* v. *Prince,* 250 Ill. 36, we were called upon to construe this section and to determine what expenses should be borne by a city that had adopted the City Election act. We there held that the city shall be liable for all miscellaneous expenses incurred by the board of election commissioners. The expenses here involved undoubtedly come under the heading of "miscellaneous expenses," and having been incurred by the board of election commissioners, under the holding in the *Bolles case* must be paid by the city of Rockford.

Plaintiff in error insists, however, that the *Bolles case* should not govern here, for the reason that in that case the provisions of the general Ballot law of 1891 were not called to the attention of the court or considered by it. The position of plaintiff in error is, that the City Election act, having been enacted in 1885, before the passage of the general Ballot act of 1891, is modified by that act, which provides that the expense of holding all elections, other than elections in cities, villages, incorporated towns and towns, shall be borne by the county. In this contention he relies upon the provisions of the general Ballot law which require the county to pay all expenses of holding an election, and insists that the general act repeals, by implication, that portion of said section 1 of article 7 of the City Election act which requires any city adopting that act to pay all the expenses incurred by the board of election commissioners. There might be some force to this contention were it not for the fact that the City Election act has been repeatedly amended by the legislature and this provision has each time been carried forward as a part of the act as amended. In 1899, long after the passage of the general Ballot act, the whole of the City Election act was amended and thus re-enacted. Since then section 1 of article 7 of that act has been amended several times, the last amendment being in 1909. In all these

amendments this provision has been retained in said section 1 just as originally enacted in 1885, showing clearly that it was the intent of the legislature that this expense should be borne by such cities as should adopt the City Election act.  As was said in the *Bolles case, supra,* the legislature has the authority to make an apportionment of the cost among the county, the city and the township and require each to bear its burden.  By said section 1 of article 7 of the City Election act the county is required to pay the salaries of the election commissioners and chief clerk.  To equalize this and to make a just apportionment of the cost of holding elections the legislature undoubtedly deemed it proper to require cities adopting the act to pay all expenses incurred by the board of election commissioners.

In *People* v. *Bowman,* 253 Ill. 234, we affirmed the judgment of the county court overruling an objection to an item of a county tax "for warrants of the board of election commissioners, $7500," the objection being that the statute does not authorize the board of election commissioners to issue warrants against county funds.  The conclusion there arrived at was correct, as the statute clearly authorizes the board of election commissioners to draw warrants upon the county treasury for certain specified expenses, but the language of that opinion, where it refers to the expenses to be borne by the county in all general county and State elections, must be limited to refer and apply to such expenses, only, as the City Elections act provides shall be paid by the county, such as claims for the services of the judges and clerks of elections.  With this limitation the *Bowman case* is in harmony with the holding in the *Bolles case* and with the views herein expressed.

The county of Winnebago is not liable for the expenses sought to be recovered here, and the judgment of the Appellate Court is affirmed.                 *Judgment affirmed.*