THE PEOPLE *ex rel.* Maclay Hoyne, State's Attorney, Petitioner, *vs.* AUGUST LUEDERS *et al.* Respondents.

*Opinion filed October 27, 1915.*

1. ELECTIONS—*production of ballots for inspection of grand jury is not a violation of the secrecy of the ballot.* Requiring the production of ballots for inspection by the grand jury which is investigating alleged fraud in the election is not a violation of the secrecy of the ballot, within the meaning of the constitution and the statutes.

2. SAME—*court may require production of ballots where a violation of the City Elections act is charged.* The fact that the proviso to section 27 of the Ballot act of 1891 merely authorizes the opening of ballots in case of an election contest does not preclude the production of the ballots for inspection by the grand jury which is investigating an alleged violation of section 5 of the City Elections act as amended in 1899.

3. SAME—*power of the court to impound ballots.* While ballots should not be taken from the custody of the proper custodian during the time allowed for an election contest or pending such contest, yet after the expiration of such time or the final determination of the contest the court may, in its discretion, impound the ballots for use as evidence in any criminal prosecution pending in which such ballots are material as evidence.

ORIGINAL petition for *mandamus.*

MACLAY HOYNE, State's Attorney, (HENRY A. BERGER, of counsel,) for petitioner.

CHARLES H. MITCHELL, and COLIN C. H. FYFFE, for respondents.

Mr. JUSTICE COOKE delivered the opinion of the court:

At the June term, 1915, this petition for the writ of *mandamus* was filed by leave of court against the respondents, August Lueders, Anthony Czarnecki and Frank X. Rydzewski, members of the board of election commissioners of the city of Chicago, praying that they be commanded forthwith to produce before the grand jury of Cook county

all the ballots cast in the fifth precinct of the fifth ward in the city of Chicago at the election held on April 6, 1915, in said city of Chicago. The respondents having filed a general demurrer to the petition, the cause has been submitted for decision on the demurrer.

The petition alleges that at the February term of the criminal court of Cook county the grand jury was empaneled, and on May 6, 1915, there was pending before it a hearing to determine the making of a presentment against any and all persons against whom there was evidence of violation of the election laws occurring in the fifth precinct of the fifth ward in the city of Chicago at the election held April 6, 1915; that the board of election commissioners of the city of Chicago have the custody and possession of the ballots cast, as in all elections in the city of Chicago, and are required to retain such custody and possession for a period of six months next ensuing the election, at which time the law requires the destruction of the ballots if no election contest involving them is pending; that the respondents were each of them members of the board of election commissioners on May 6, 1915, and had on that day the custody and possession of all the ballots cast in said precinct and each and all of the tally-sheets and tally-books made and kept by the judges and clerks of election; that a *subpœna duces tecum* was served upon each of the respondents to produce on May 6, 1915, before the grand jury, the tally-sheets and tally-books of said precinct and all the ballots cast in said precinct at said election; that respondents appeared before the grand jury in response to said subpœna and produced the tally-sheets and tally-books but refused to produce the ballots that were cast in said precinct at said election; that it appears from evidence already produced and heard by the grand jury that there were cast in said precinct more ballots than shown by the tally-sheets and tally-books to have been voted for certain candidates, and that there were cast less ballots than shown

by the tally-sheets and tally-books for certain candidates at said election; that the making and keeping of the tally-sheets and tally-books in this manner constitute a crime under the election laws, and that the ballots cast and voted in said precinct at said election are necessary as evidence before the grand jury for its examination to complete its determination as to the making of a presentment against such person or persons guilty of violating the election laws.

Respondents make two contentions: First, that the production of the ballots for the inspection of the grand jury violates the secrecy of the ballot required by both the constitution and the statute; and second, that the statute itself prohibits the production of the ballots for such a purpose.

In support of the first contention it is urged that the effect of the provision of section 2 of article 7 of the constitution that all votes shall be by ballot is that the votes shall be secret, and it is pointed out that under the Ballot act of 1891 extreme care was taken by the General Assembly to provide for absolute secrecy of the ballot. There can be no question of the correctness of the contention of the respondents that it was the design of the General Assembly that the ballot should be secret and that every possible means has been provided to obtain and preserve such secrecy. The respondents have, however, in our judgment, misapprehended the purpose of some of the provisions of the Election act, and attribute to various provisions made to preserve the integrity of the ballot an intent also to preserve secrecy. The provisions for the secrecy of the ballot all apply to the preparation and casting of the ballot. The act makes no provision for secrecy after the ballot has been deposited in the ballot-box. If the law has been strictly complied with, it would be impossible to determine by whom any particular ballot had been cast. Were it otherwise, then the secrecy of the ballot would be to an extent destroyed when the judges of election inspect the ballots for the purpose of counting the votes.

Counsel for the respondents call particular attention to section 27 of the Ballot act of 1891, which is as follows: "When the canvass of the ballots shall have been completed, as now provided by law, the clerks shall announce to the judges the total number of votes received by each candidate; each judge of the election shall proclaim in a loud voice the total number of votes received by each of the persons voted for and the office for which he is designated, and the number of votes for and the number of votes against any proposition which shall have been submitted to a vote of the people; such proclamation shall be *prima facie* evidence of the result of such canvass of the ballots. Immediately after making such proclamation, and before separating, the judges shall fold in two folds, and string closely upon a single piece of flexible wire, all ballots which have been counted by them, except those marked 'objected to,' unite the ends of such wire in a firm knot, seal the knot in such manner that it cannot be untied without breaking the seal, enclose the ballots so strung in a secure canvas covering and securely tie and seal such canvas covering with official wax impression seals to be provided by the judges, in such manner that it cannot be opened without breaking the seals, and return said ballots, together with the package containing the ballots marked 'defective' or 'objected to,' in such sealed canvas covering to the proper clerk or to the board of election commissioners, as the case may be, and such officer shall carefully preserve said ballots for six months, at the expiration of that time shall destroy them by burning without previously opening the packages. Such ballots shall be destroyed in the presence of the official custodian thereof and two electors of approved integrity and good repute and members respectively of the two leading political parties. The said electors shall be designated by the county judge of the county in which such ballots are kept: *Provided,* that if any contest of the election of any officer voted for at such election

shall be pending at the expiration of said time the said ballots shall not be destroyed until such contest is finally determined. In all cases of contested elections the parties contesting the same shall have the right to have said ballots opened and to have all errors of the judges in counting or refusing to count any ballot, corrected by the court or body trying such contest, but such ballots shall be opened only in open court or in open session of such body and in the presence of the officer having the custody thereof." (Hurd's Stat. 1913, p. 1125.)

By this section careful provision is made for the preservation of the ballots after they have been counted. This provision is necessary in order that in the event of a contest the ballots shall be presented to the court or body having charge of the contest in the condition they were when cast and counted at the election. Nothing contained in this section can be said to be intended to prevent it becoming known how any particular person voted. The secrecy of the ballot is preserved by this section to the extent that it prevents the ballots being again opened and inspected after the canvass has been completed except in the cases provided for by the Election act.

In support of their second contention respondents rely upon that part of said section 27 which provides for the destruction of the ballots, unopened, at the expiration of six months after the election, provided that in case of a contest the parties to the contest shall have the right to have the ballots opened and re-counted, and the ballots shall not be destroyed until the contest is finally determined. It is contended that the provision allowing the ballots to be opened and re-counted in election contests is an express exception to the provision requiring the destruction of the ballots, unopened, at the expiration of six months after the election, and that all other exceptions are necessarily excluded. It will be noted that while this exception appears by way of proviso, the section does not provide that in no

event except in case of an election contest shall the ballots be opened and examined. The legislature has the undoubted right to provide that the ballots shall not be opened and inspected for any other purpose, and if it has done so then they cannot be produced as evidence before the court or grand jury and the writ must be denied.

The city of Chicago has adopted the provisions of the act of 1885 regulating the holding of elections and declaring the result thereof in cities, villages and incorporated towns, and is operating under that act. The City Election act, as the act of 1885 is generally known, has been repeatedly amended, and in 1899 the whole act was amended and revised and thus re-enacted. The City Election act and the Ballot act of 1891 must be construed together in reference to the holding of elections in cities, villages and incorporated towns which have adopted the provisions of the City Election act. Section 5 of article 6 of the City Election act is as follows:

"Sec. 5. Every judge of election, member of any board of canvassers, messenger, poll clerk or other officer authorized to take part in, or perform any duty in relation to any canvass or official statement of the votes cast at any election in any precinct, or in any city, village or incorporated town, who shall willfully make any false canvass of said votes;

"Or shall make, sign, publish or deliver any false return of such election, or any false certificate or statement of the result of such election, knowing the same to be false;

"Or who shall willfully deface, destroy or conceal any statement, tally or certificate entrusted to his care or custody;

"Shall, on conviction thereof, be adjudged guilty of a felony, and shall be punished by imprisonment in the penitentiary for not less than five nor more than ten years." (Hurd's Stat. 1913, p. 1109.)

This section was incorporated in the original act of 1885 and was re-enacted in the revision of the act in 1899. The intent of the legislature to provide punishment for the making of a false return of an election is clear and unmistakable. It is apparent that the ballots themselves would always constitute the best, and in many cases the only, evidence of the commission of an offense created by said section 5. Before it can be held that the General Assembly intended to prohibit the production of the ballots to be used as evidence in such cases such intent must clearly appear. If the exception contained in said section 27 of the Ballot act of 1891 has the effect contended for, then it is in conflict with said section 5 of article 6 of the City Election act and must give way to the provisions of the latter section, as it is the later enactment. (*Johnson* v. *County of Winnebago,* 256 Ill. 276.) It would be absurd to hold that it was not the intent of the City Election act that the highest and best evidence should be used in prosecutions under said section 5 of article 6. That being true, it is evident that the exception contained in said section 27 was either not intended to be exclusive of all others or must give way to the provisions of the City Election act.

The court has the power to require the custodian of the ballots to produce them for the inspection of the grand jury and to be used as evidence on the trial before the court in case of indictment. The provisions of said section 27 for the preservation of the integrity of the ballots should be observed, however, and the ballots should not be taken from the custody of the proper custodian during the time in which a contest of an election might be instituted or during the time an election contest is pending which involves the ballots in question. After the expiration of the time for instituting a contest, if no contest has been brought, and after the final determination of a contest where one has been instituted, the court may, in its discretion, impound the ballots for use as evidence in any crimi-

nal prosecution pending in which such ballots are material as evidence.

The demurrer is overruled and the writ of *mandamus* is awarded commanding respondents to produce the ballots as prayed in the petition, but the ballots shall not be taken from the custody of respondents while being used as evidence, either before the grand jury or in open court.

*Writ awarded.*