MATILDA LYONS, Appellant, *vs.* THE POLICE PENSION
BOARD OF CHICAGO, Appellee.

*Opinion filed June 21, 1912—Rehearing denied October 3, 1912.*

1. CONSTITUTIONAL LAW—*purpose of provision against amending a law by reference to its title, only.* Section 13 of article 4 of the constitution, providing that "no law shall be revived or amended by reference to its title only, but the law revived, or the section amended, shall be inserted at length in the new act," was intended to enable the meaning of an enactment directly amending a prior statute to be ascertained by an examination of the enactment itself.

2. SAME—*when constitution is violated by adding new section.* The act of 1911, (Laws of 1911, p. 170,) which purports to add section 3a to the Police Pension Fund act, directly amends section 3 of said Pension Fund act without inserting said section in the new act, and is therefore invalid as in express violation of section 13 of article 4 of the constitution.

3. SAME—*title of Police Pension Fund act is broad enough to authorize provisions for pensioning police matrons.* The title of the Police Pension Fund act authorizes the creation of a police pension fund for the payment of a pension to any person connected with the police department whom the legislature may consider entitled thereto, and is broad enough to authorize provisions for the pensioning of police matrons.

4. SAME—*when a new section may be added without inserting act amended.* A new section, which is not really an amendment of the act to which it is added but relates to a different condition from that covered by the original act, may be added to the act by reference to the title without inserting the provisions of the act in the added section.

5. SAME—*character of an act not determined by its title, alone.* The character of an act as an amendment must be determined not by its title, alone, but by its effect upon existing laws and an examination and comparison of its provisions with prior laws which are left in force.

APPEAL from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

HOWARD W. HAYES, for appellant.

WILLIAM H. SEXTON, Corporation Counsel, (QUIN O'BRIEN, and JOHN M. DUFFY, of counsel,) for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The appellant, Matilda Lyons, filed her bill in the circuit court of Cook county against the Police Pension Board of Chicago, setting forth that she is the widow of a policeman of the city of Chicago and for several years has been receiving a pension as such widow under the act of the General Assembly known as the Police Pension Fund act; (Hurd's Stat. 1911, p. 369;) that on October 19, 1911, Mary A. Murphy applied to the board for a pension by reason of her service for more than twenty years in the police department as a police matron and that the board was about to approve her application and grant her a pension, claiming the authority to do so under an act of the General Assembly in force July 1, 1911, amending the Police Pension Fund act. (Laws of 1911, p. 170.) It is averred that this amendatory act does not confer authority to grant the proposed pension because it is unconstitutional, for the reason that the title is not descriptive of the act, which contains legislation not expressed in the title, and that the act attempts to revive or amend a previous act by reference to its title, only, without inserting at length the section amended. It is averred that a great many other persons are interested in this question as pensioners under the Police Pension Fund act; that the sums set apart under that act are barely sufficient to pay pensions to those lawfully entitled thereto, and such persons will be irreparably injured if pensions be granted and paid to police matrons. The prayer is for an injunction to restrain the police pension board from granting or paying a pension to Mary A. Murphy.

The title of the original act is, "An act to provide for the setting apart, formation and disbursement of a police

pension fund in cities, villages and incorporated towns."
So far as necessary to be here noticed, its provisions re-
quire the setting apart of certain sums received from vari-
ous sources as a police pension fund and for the disburse-
ment of such fund by a board of trustees to policemen who
have served for a period of twenty years in the police de-
partment of a city, and to the widow, and children under
sixteen years, of such policemen who have died. The title
of the amendatory act is, "An act to amend an act entitled
'An act to provide for the setting apart, formation and
disbursement of a police pension fund in cities, villages
and incorporated towns,' " stating the date of its approval
and of various amendatory acts. The nature of the amend-
ment was an addition to the act of a new section, to be
known as section 3*a,* extending the benefit of the act to
police matrons in the police department of a city upon the
terms specified in such additional section. The character
of the act as an amendment must be determined, not by
its title, alone, but by its effect upon existing laws and an
examination and comparison of its provisions with prior
laws which are left in force. (*People* v. *Knopf,* 183 Ill.
410; *Badenoch* v. *City of Chicago,* 222 id. 71; *O'Connell*
v. *McClenathan,* 248 id. 350.) The acts involved in those
cases purported to be independent acts while that involved
here purports to amend by the addition of a new section,
but the principle is the same.

The title gives no intimation of the character of the
amendment or the section or part of the act to be amended.
The amendatory act was, in fact, an amendment of sec-
tion 3 of the original act, where, only, it is declared who
may become entitled to pensions. Under that section as it
stood prior to this amendment only persons duly appointed
and sworn and having served for a period of twenty years
or more upon the regularly constituted police force of a
city, village or town subject to the provisions of the act, or·
persons whose combined years of service upon the police

force and fire department should aggregate twenty years, could become entitled to a pension, and these only after becoming fifty years of age and retiring from the service. No other section of the statute dealt with the question of eligibility to pensions. The amendatory act changes that section by adding to the persons who may receive pensions, police matrons appointed and sworn, of twenty years' service, and it also contains many provisions applying to pensions to police matrons which do not appear in original section 3 and which might have appeared as amendments to other sections or as additional sections. Section 3 as amended is not inserted at length in the new act. In order to ascertain the extent of the provisions of that section to-day, it is necessary to examine not only the amendatory act, but to go back to the former statute and by reading the two together ascertain what persons may become pensioners. This is the condition which section 13 of article 4 of the constitution was intended to prevent by the provision that "no law shall be revived or amended by reference to its title only, but the law revived, or the section amended, shall be inserted at length in the new act." Calling the amendment an additional section does not change its character and cannot evade the constitutional requirement. This requirement is intended to enable the meaning of enactments directly amending prior statutes to be ascertained by an examination of the enactments themselves, without the necessity of examining all prior statutes on the subject to ascertain the effect of the amendment. It is not intended to hold that sections may not be added to a statute when they are not really amendments but relate to a different condition from that covered by the original act, as in the case of *People* v. *Edmands,* 252 Ill. 108.

The necessity of the provision is well exemplified in this case. The qualifications of pensioners prior to 1911 have been stated. At the same session of the legislature three amendments of section 3 were passed. They were all

approved by the Governor on the same day and all went into effect July 1, 1911. One act amended sections 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10, and instead of requiring appointment and twenty years' service upon the regularly constituted police force, required appointment as a probationary or regular policeman and twenty years' service in the police department. This act struck out the fifty years age limit. Another act amended section 3 only, leaving the requirement of twenty years' service on the regularly constituted police force but striking out the fifty years age limit, and providing that there might be included in the twenty years' service the time of service as a patrol driver or vehicle inspector and patrolman. The third act was the one in controversy. Section 3 has therefore expanded into three separate sections.

The objection to the title of the act in controversy is, that the title to the original act refers only to a pension fund for policemen. We do not agree with this position. The object of the act was to create a police pension fund. It would be natural to expect to find in an act for that purpose provision for the payment of pensions to any person connected with the police department whom the legislature might think entitled to that provision. The appointment of police matrons has been authorized by statute since the passage of the Police Pension Fund act. (Hurd's Stat. 1911, p. 400.) Their duties are prescribed by statute and the ordinances of the city. They are a part of the police department and come within the general scope of the title.

The decree of the circuit court is reversed and the cause is remanded, with directions to overrule the demurrer to the bill.  *Reversed and remanded, with directions.*