RODRÍGUEZ, PLAINTIFF AND APPELLANT, v. PORTO RICO RAILWAY, LIGHT AND POWER CO., DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan in an Action for Damages.—Motion to Strike out the Transcript of the Evidence.

No. 2477.—Decided July 11, 1922.

CONSTITUTIONAL LAW—TITLES OF ACTS.—In order to conform to the provisions of subdivision 9 of section 34 of the Organic Act it is not necessary that the title of an act should be a minute description of its purpose. It is sufficient if it expresses it in a general way. The title of Act No. 27 of 1917 is sufficient and, therefore, it can not be considered unconstitutional.

ID.—ID.—AMENDMENTS.—Act No. 27 of 1917 is not an amendment to section 299 of the Code of Civil Procedure, but a mere addition thereto; therefore, it can not be considered unconstitutional as contrary to subdivision 10 of section 34 of the Organic Act. Nor is Act No. 81 of 1919 open to this objection in so far as it amends the statutes to which it refers.

ID.—ID.—It can not be concluded that Act No. 27 of 1917 is unconstitutional on the ground that it contains more than one subject.

APPEAL—TRANSCRIPT OF RECORD—COPY OF TRANSCRIPT.—The law does not require that a copy of the approved transcript should be given to the appellee, but merely that the stenographer's notes, as filed in the court below, should be furnished to the appellee.

The facts are stated in the opinion.

*Messrs. Texidor & De la Haba* for the appellant.

*Messrs. P. Amado Rivera, M. Acosta Velarde* and *J. H. Brown* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a motion to strike out a transcript of the stenographer's notes. The first ground of the motion was that when the court approved the transcript the time for filing it had expired. The appellant has since brought up a certificate which tends to show that an extension of time made by the court below was not included in the record, which would have made the filing in time, and the appellee in its brief submitted thereafter does not insist upon this point. The appellee,

however, does insist that Act No. 27 of 1917 and Act No. 81 of 1919 are null and void because they violate provisions of paragraphs 9 and 10 of section 34 of the Organic Act.

The ninth paragraph provides that "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title; but if any subject shall be embraced in any act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed." The tenth paragraph recites that "No law shall be revived, or amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revived, amended, extended, or conferred shall be reenacted and published at length."

The title to Act No. 27 is as follows: "To provide for the substitution, at the option of the party, of the bill of exceptions and statement of the case for [*sic*] a transcript of the evidence, prepared by the stenographer, presented to the secretary, and approved by the judge with notice to the parties, and for other purposes." Examining the contents of the Act, we find that the title is sufficient. It indicates, or is a "sign post," as one of the decisions says, of what the Act contains. It is not necessary that the title should be a minute description, but only that it should tell in a general way what the purpose of the Act is.

The title of Act No. 81 of 1919 is as follows:

"An Act to amend section 3 of Act No. 27 of November 27, 1917, entitled 'An Act to provide for the substitution, at the option of a party, of the bill of exceptions and statement of the case for a transcript of the evidence, prepared by the stenographer, presented to the secretary, and approved by the judge with notice to the parties, and for other purposes,' and section 299 of the Code of Civil Procedure."

This title likewise clearly describes the purpose. The object of the Act is to amend sections of law supposed to be in

existence, and the body of the Act does not purport to cover anything else but the said sections amended. We do not find in the cases cited by the appellee any decision which shows that any act is unconstitutional or void by reason of any similar title. The decisions rather tend to hold that when matters are incorporated into the Act not suggested by the title, then the Act is void. *Galpin* v. *Chicago,* L. R. A. 1917 B, 182, cites *Lyons* v. *Police Pension Board,* 99 N. E. 337, and our examination of that case is that the Act was declared void because of its contents, rather than because of its title.

The appellee also insists that these two Acts in question are void because they amend existing provisions of the Code of Civil Procedure, without making reference, either in the title of the Act or the body thereof, that they are such amendments.

Our examination of Act No. 27 convinces us that it was a new and independent way of incorporating the evidence, and that it did not amend any existing provision of law as the word "amendment" has been interpreted. The very cases cited by the appellee show that indirectly some things may be amended by entirely new provisions. In any event, so far as Act No. 27 of 1917 is concerned, there is nothing in it which cannot exist independently of the Code of Civil Procedure, or which destroys or changes anything in the Code of Civil Procedure except the right itself to incorporate evidence by means of stenographer's notes. The purpose of the Act, as we have intimated, is plain in its title, and no one could be surprised, either by its title or the body of the Act, in not knowing what his rights are.

Act No. 81 of 1919, so far as it only amends the acts referred to therein, is likewise all right. The amendments are fully incorporated into the Act. The object of the tenth paragraph of section 34 of the Organic Act is to prevent amendments by reference to the title of a former act, but

that the new provisions "shall be reenacted and published at length."

The appellee, however, also maintains that each of the acts is void for containing more than one subject matter. We think that Act No. 27 is free from this objection, but the court has not reached a conclusion with regard to Act No. 81. It should be noticed that we are supporting Act No. 27 on the ground that it is an independent substitute and not an amendment of the Code of Civil Procedure. What we hold is that it is a mere addition thereto. Act No. 81, however, not only attempts to amend Act No. 27, but also to amend section 299 of the Code of Civil Procedure. Perhaps Act No. 81 could be upheld on the ground that it is merely an amendment of a body of law already in force.

Not only does Act No. 81 amend section 299, but it is maintained that in section 299, as amended, section 302 of the Code of Civil Procedure is likewise changed or amended. While heretofore it was the duty of the secretary to certify up the judgment roll as complete, now a part of that duty devolves on another person, apparently the judge, who must certify to the correctness of the transcript.

The appellee maintains that the transcript of the evidence ought always to be made a part of the judgment roll of the court below.

The whole subject matter has not been very fully discussed and we are disposed to hear further argument on it, and therefore shall postpone a definite decision to the hearing of the case itself.

If the appellant should become convinced that the transcript of the evidence has been improperly brought to this court, and it is not too late, we should be disposed to entertain a motion by which he might withdraw the same and file it in the court below to become part of the judgment roll. After the transcript is so withdrawn we would also entertain,

as part of the motion, permission to add to the record by certifying up this part of the judgment roll.

Appellee also insisted that the various laws were bad because they attempted to change the compensation of the stenographer, but this would only affect the provision of the law in regard to the payment of fees to the stenographer and not affect the right of the appellant to lodge the transcript in this court. Appellee also complained that it was not given a copy of this transcript. The law does not require that a copy of the approved transcript should be given to the appellee, but merely that the stenographer's notes, as filed in the court below before approval, should be furnished the appellee. This would leave the appellee in no different position than it was in regard to a bill of exceptions or a statement of the case. It is no ground of striking out. The motion to strike out must, for the present, be denied, without prejudice to the right of the appellee to raise the same question at the final hearing of the case.

*Motion denied without prejudice.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.