Ray M. Cook, Receiver of First National Bank in Mt. Olive, Illinois, Appellee, v. City of Staunton, Appellant.

Gen. No. 9,113.

Trust Company of Florida, Appellee, v. City of Staunton, Appellant.

Gen. No. 9,114.

First National Bank of Livingston, Illinois, Ray M. Cook, Receiver, Appellee, v. City of Staunton, Appellant.

Gen. No. 9,115.

C. W. Weis, Appellee, v. City of Staunton, Appellant.

Gen. No. 9,116.

filed April 20, 1938.

Rinaker & Smith, of Carlinville, for appellant.

Alvin G. Whitehouse, of Gillespie, for appellee.

Mr. Justice Davis delivered the opinion of the court.
The Trust Company of Florida instituted its action in assumpsit in the circuit court of Macoupin county to the September Term, 1928, thereof, and filed its declaration, by the first count of which it alleged that the defendant, the city of Staunton, a municipal corporation, on October 1, 1917, executed and delivered to the plaintiff six certain bonds, in the principal sum of $500 each, bearing interest at the rate of 5 per cent per annum from date, payable annually, all payable to bearer, and falling due on October 1, 1927; that said bonds were a part of a bond issue for a certain local improvement in said city, known as "Sidewalk Improvement Number 1," and each of said bonds were payable out of the seventh instalment of the special assessment levied for that purpose; that neither the

bonds nor the interest thereon have been paid; that the city collected the seventh instalment levied to pay these obligations; that the money so collected was diverted for other corporate purposes, and that by reason thereof the defendant is liable to pay plaintiff the amount of said bonds with interest.

The second count of the declaration alleges the execution and delivery of seven other bonds of Series 8, in the sum of $500 each, with 5 per cent interest, falling due October 1, 1928. The third count alleges the execution and delivery of 20 other bonds of Series 9, in the sum of $100 each, with 5 per cent interest, falling due October 1, 1929. The fourth count consists of the common counts, for money had and received.

The defendant demurred to the declaration, which demurrer was overruled by the court, and the defendant thereupon filed a plea of the general issue to which plea the plaintiff filed its replication. Since the institution of the suit said bank became insolvent, and M. A. Smith was appointed liquidator thereof and was substituted party plaintiff.

The First National Bank of Livingston instituted its suit against the city of Staunton, Illinois, to the June Term, 1929, of the circuit court of Macoupin county, and filed its declaration, to which a plea of the general issue was filed and replication by plaintiff thereto; that since the filing of this suit the First National Bank of Livingston became insolvent, and Ray M. Cook was appointed receiver and was substituted as plaintiff. On November 17, 1937, after the city of Staunton filed its notice of appeal in said cause on October 11, 1937, and after appellee, First National Bank of Livingston, filed its notice of cross appeal on October 16, 1937, a stipulation was entered into whereby the plaintiff sold to John Augustine, Jr., all its interest in said cause of action and substituted said John Augustine, Jr., as plaintiff (appellee and cross appellant). No order of this court has been entered substituting said John

Augustine, Jr., as party plaintiff and the First National Bank of Livingston, Ray M. Cook, receiver, is appellee and cross appellant in said cause.

The First National Bank of Mt. Olive instituted its suit against the city of Staunton, to the June Term, 1929, of the circuit court of Macoupin county and filed its declaration and amendment thereto. Since such suit was filed the bank was consolidated with the First National Bank in Mt. Olive and the bonds owned by it were delivered to said First National Bank in Mt. Olive and subsequent to such consolidation Ray M. Cook was appointed receiver of said bank and was substituted by order of court party plaintiff.

The declaration filed in the suits of the First National Bank of Livingston, Illinois v. The City of Staunton, Gen. No. 9,115, and the First National Bank of Mt. Olive, Illinois, and Ray M. Cook, receiver, Gen. No. 9,113, were all in effect similar to the declaration in the case of Trust Company of Florida, Gen. No. 9,114, and the same issues were raised by the pleadings as in said case Gen. No. 9,114, the declarations differing in the amounts and number of the bonds sued upon and the instalment or instalments of the special assessment out of which they are payable.

It was stipulated and agreed by the respective parties to the above entitled causes that C. W. Weis is the holder of certain bonds, of the same kind and character as those held by plaintiffs in said above mentioned causes; that he has not instituted suit against the city of Staunton, but that the city is desirous of securing a determination upon all of the bonds of said improvement now outstanding; that for this purpose said C. W. Weis is to be considered as having filed his suit upon the bonds held by him (as of March 1, 1932); that he is to be considered a party in this matter and have his rights as a holder of certain of said bonds the same as if he had actually instituted a suit in assumpsit, or filed his complaint in law against the city of

Staunton; that to the suit or claim of said C. W. Weis the city of Staunton desires to raise the question of the statute of limitations, and for such purpose there may be filed, if desired, a plea or answer of said city raising all specific legal questions proper to be raised under a plea of the statute of limitations.

No such plea was filed and the rights of said C. W. Weis was determined along with the other parties to said suits, and notice of appeal served upon him, and he served and filed a notice of appearance and cross appeal from the judgment of the circuit court in like manner as the plaintiffs in the other suits, and no question is raised by any of the parties in any of said proceedings as to his rights to have his claim adjudicated and to file a cross appeal from the judgment of the circuit court. It was stipulated by the parties to said causes, and consented to by the court, that said four suits be consolidated for the purpose of trial and that the court enter separate judgments in each of the suits, and that the original documents offered in evidence on the trial of said causes be made a part of the record in the case of Ray M. Cook, receiver of the First National Bank in Mt. Olive, Illinois, v. City of Staunton and transmitted to the Appellate Court, Third District, in lieu of copies of the same; and that said original documents may be taken and received by the Appellate Court in said causes.

In the record filed in each of said separate causes, including the cause of C. W. Weis, the following appears: ''Now on this 29th day of March, A. D. 1937, this cause coming on to be heard by the court, plea of defendant and replication of plaintiff thereto filed. Cause submitted on stipulation and exhibits filed in law, 1402, (Trust Company of Florida v. City of Staunton), and taken under advisement by the court. Briefs to be submitted.''

On September 22, 1937, the court found the issues in favor of each of the respective plaintiffs and against

defendant and entered a separate judgment in each of said causes in favor of plaintiff and against defendant. Separate notices of appeal to the Appellate Court of Illinois, Third District, were served and filed in each case on October 11, 1937; and the respective plaintiffs in each case served and filed notice of appearance and cross appeal. On January 4, 1938, an order was entered by the Appellate Court consolidating said cases and ordering that the abstract, briefs and arguments filed in the case of Ray M. Cook, receiver of the First National Bank in Mt. Olive, Illinois, Gen. No. 9,113, be taken and considered by the court as if the same had been filed in each of said causes.

Appellant, the city of Staunton, Illinois, makes no complaint as to the amounts of the judgments rendered, but contends that the judgments were contrary to the law and evidence in the case for the reason that the plaintiffs were not entitled to prorate in the collections made by the city unless they can first show that the bonds were issued in compliance with the statute.

Appellees say that the plea of the general issue was the only plea filed by the defendant and no question of the invalidity of or irregularity in the bonds can be raised under such a plea. The authority of the city of Staunton to issue bonds is granted by statute, and if there is authority to issue bonds a municipality may, by levying and collecting taxes for their payment or paying part of the principal thereof or interest thereon, become estopped to deny that they are binding obligations because of irregularities or defects in their issuance or in the proceedings preliminary thereto.

Appellees in their notice of cross appeal contend that the court erred in failing and refusing to include in the judgments for plaintiffs interest on the amounts found to be due from the day of the filing of the suit or collection of the money by the city as shown by the evidence.

It is contended by appellant that the bonds were issued in direct violation of the provisions of the Local Improvement Act, and that the judgments should be reversed for the reason that the obligation of a trustee cannot be imposed upon the city when predicated upon a bond issue which violates the plain provisions of the statute.

In support of its contention appellant advances three reasons: the first of which is that under the provisions of the statute each series of bonds shall become due at sometime in the year in which the corresponding instalment will be actually collected, and that the bonds issued against the respective instalments do not mature during the calendar year in which the respective instalments become due and payable. The second contention is that the bond issue violates the plain provisions of the statute for the reason that bonds could only be legally issued against the second and succeeding instalments. Series 1 of the bonds was payable out of the first instalment, and succeeding series were payable out of their respective succeeding instalments. Another reason advanced is, that the aggregate amount of bonds issued were in excess of the amount of the assessment spread and confirmed by the county court.

These suits were instituted prior to the adoption of the Civil Practice Act and were in assumpsit and to the declarations pleas of the general issue were filed. No special pleas and no answers containing new matter by way of defense or counterclaim were filed and the affirmative defense now raised by appellant not having been specially pleaded and no answer having been filed containing such new matter by way of defense to the action, it would appear that the question of the legality of the bonds was not an issue in these cases.

The discrepancies in the issuing of the bonds and the failure to comply strictly with the provisions of the statute, as pointed out by appellant, are at most irregularities which might be taken advantage of by

one against whose property a special assessment was levied, but not by the city issuing the bonds that wilfully or negligently failed to apply toward the discharge of its obligations the funds collected by it for that purpose. There is a distinction between contracts which are ultra vires and contracts which are within the power of the city to make but which have been irregularly or illegally made but have been performed in good faith. Notwithstanding such irregularities in the issuing of the bonds the city has collected the assessments levied with which to pay said bonds and interest thereon, and paid in full all of the bonds of the first six series, and none are outstanding, and is estopped to set up as a defense in a suit instituted for the collection of such bonds as are outstanding its own irregularities in the execution of a power clearly granted it. *McGovern v. City of Chicago,* 281 Ill. 264, 118 N. E. 3.

In *Rothschild v. Village of Calumet Park,* 350 Ill. 330, 183 N. E. 337, it is said, in substance: The proceeds of special assessments are trust funds for the payment of the bonds issued for the cost of the improvement. The bonds issued against each instalment of the assessment, together with the interest, are payable as such instalment and the interest on it are collected and under the provisions of the statute, and by the express terms of the bonds themselves the instalments are the only source of payment of the bonds, and when they are collected by the municipality the money received becomes a trust fund for the payment of the bonds to the holders, without preference among them. When the bonds of any year become due, and the collection from the instalment for that year is insufficient to pay them, the bondholders are entitled to the amount collected, and it is the duty of the trustee—the municipality—to pay upon each bond issued against the instalment its share, pro rata, of that amount.

It is also contended by appellant that it received the sum of $81,535.90, and paid out all but 96 cents of that amount on account of the bond issue and interest. The evidence discloses that a part of this money, that the city admits having received, was money collected for the payment of the bonds issued against the seventh, eighth, ninth and tenth instalments of the assessment, and as such could only be used in the payment of such bonds, and the use of such funds for the payment of any other bonds would be an illegal application of the same and no defense to the actions of appellees.

In *People ex rel. Anderson v. Village of Bradley,* 367 Ill. 301, it is said: ''The village could not lawfully appropriate any part of those funds to other corporate uses. The withdrawn funds are treated as still in the custody of the village for the purpose of paying the liability imposed by its contract for the improvement. To permit the village to say it no longer has the money, or is unable to pay, would be to place municipalities in a position to defeat the lawful claims of contractors who have, in good faith, fulfilled their undertakings for the construction of, or the furnishing of materials or labor for, local improvements. The law will not countenance the evasion by a village of its debts, by either its wilful or negligent failure to apply towards the discharge of that obligation funds collected by it for the specific purpose of meeting such demand.''

The city of Staunton, having received the money levied for the purpose of paying the bonds and interest thereon, payable out of the seventh, eighth, ninth and tenth instalments, it cannot be heard to say that it has paid the same out for other corporate purposes, and we are of opinion that the circuit court rightfully determined that appellees could recover against the city.

This is an action of assumpsit, under the common counts, for money had and received, and is an appropriate remedy to enforce the equitable obligations aris-

ing from the receipt of money by one person which belongs to another, and which in equity and justice should be returned. The action is in form *ex contractu,* but the alleged contract being purely fictitious, the right to recover does not depend upon any principles of privity of contract between the plaintiff and the defendant and no privity is necessary. The right to recover is governed by the principles of equity, although the action is at law. *Highway Commissioners v. City of Bloomington,* 253 Ill. 164, 97 N. E. 280.

In *Conway v. City of Chicago,* 237 Ill. 128, 86 N. E. 619, it is said: "While appellee's ownership of past due bonds issued in anticipation of this special assessment is a necessary element in his right to recover in this case, still this is not a suit upon the bonds in the tenor and effect of the instruments but it is essentially a suit against the city for money had and received to the use of appellee, which in good conscience ought to be paid to him." It will, therefore, be seen that under this action, equitable in its nature, the city may be compelled to carry out the trust reposed in it for the benefit of the bondholders.

The trial judge in his statement of the reasons for his decision indicated that he had disregarded the claims of the several plaintiffs for interest upon the amount found due them respectively for the reason he was unable to satisfy himself as to the date the funds were received by defendant.

The evidence discloses that there was collected by the city on instalments seven, eight, nine and ten of the special assessment levied in connection with said improvement, and paid into the city treasury the following sums: Seventh assessment instalment,—$7,303.85. Eighth assessment instalment,—$7,375.96. Ninth assessment instalment,—$7,267.97. Tenth assessment instalment,—$7,284.17. Said amounts above set forth are of the principal only, and in addition thereto there

was collected by said city the sum of $7,183.36 as interest on the various instalments, 10 in number.

It further discloses that after the approval of the assessment roll the city of Staunton proceeded to collect and did collect the amounts above set forth and in addition thereto the first six assessment instalments for the purpose of retiring the bonds in payment of this local improvement and interest thereon, and the amounts so collected were paid over to the city treasurer, but, notwithstanding collection of the amounts above set forth in instalments numbered seven to ten respectively, and a demand by the respective parties for the amounts so collected and interest thereon, failed to apply such collections toward the retirement of these bonds when and as they became due on each of them, except as to certain payments of interest.

Cross appellants say it is well settled that a municipality is liable for interest on amounts collected for the payment of special assessment bonds and wrongfully withheld from the persons entitled thereto; that the trial court recognized this rule but allowed no interest, and for that reason the appellees served notice of appearances and cross appeal.

The liability of appellant for interest in these cases is not based upon its undertaking to pay interest, the suits not being upon the bonds in the sense that recovery must be according to the tenor and effect of the instruments, but are actions of assumpsit for money had and received and interest is allowed in such actions under section 2 of the Interest Act [Ill. Rev. Stat. 1937, ch. 74; Jones Ill. Stats. Ann. 67.02] on money had and received to the use of another and retained without the owner's knowledge. *Rothschild v. Village of Calumet Park, supra.*

While municipalities as a general rule are not liable on their contracts for interest in the absence of an express agreement to pay, yet, when money is wrongfully obtained or when it is lawfully obtained and unlawfully

and wrongfully withheld, the municipality is liable for interest to the same extent as a private person. It is admitted by appellant that it received the money and used it to retire bonds other than those for which it was levied and collected. Appellees' right to demand interest of appellant accrued when they became entitled to demand and receive the funds under these bonds. *Conway v. City of Chicago, supra.*

Although the evidence fails to disclose the exact time when the city received the money payable under instalments numbered seven to ten, inclusive, yet it is certain that at the several dates upon which the suits were instituted, the respective plaintiffs were entitled to demand and receive the funds collected for the payment of the bonds sued upon, appellant admitting that prior to said dates it had misappropriated the funds collected for the payment thereof.

We are therefore of opinion that the several plaintiffs other than C. W. Weis are entitled to recover interest at the rate of five per cent per annum from the dates of the institution of their respective suits and C. W. Weis from March 1, 1932, the date he was considered to have filed his suit, upon the respective amounts found due them by the trial court, to the date of the entry of judgments therein, and that the trial court was in error in not awarding interest upon said amounts found due the respective parties.

The judgments of the circuit court of Macoupin county in said respective suits are reversed and said causes remanded with directions to enter judgments for the respective plaintiffs and against the defendant, the city of Staunton, for the several amounts found due them by the court, together with interest at the rate of five per cent per annum upon said respective amounts from the dates of the institution of their respective suits as to said plaintiffs other than C. W. Weis, and as to said C. W. Weis from March 1, 1932.

*Reversed and remanded with directions.*