(No. 24604.—

THE PEOPLE ex rel. Horace G. Lindheimer, County Collector, Appellee, vs. THE GAYLORD BUILDING CORPORATION, Appellant.

*Opinion filed June 20, 1938.*

Stone and Farthing, JJ., dissenting.

ADELBERT BROWN, (GEORGE P. FOSTER, and GEORGE P. LATCHFORD, JR., of counsel,) for appellant.

THOMAS J. COURTNEY, State's Attorney, CHARLES CENTER CASE, and KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, (JOSEPH B. FLEMING, and THOMAS M. THOMAS, of counsel,) for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

The county collector of Cook county applied to the county court for judgment and order of sale against real estate owned by the Gaylord Building Corporation for non-payment of general taxes for the year 1935. The Gaylord Building Corporation filed written objections to the tax levy of the Chicago Park District pursuant to section 191 of the Revenue act of 1872, (Ill. Rev. Stat. 1937, chap. 120, par. 179,) all of which were sustained except an objection to the rate extended for corporate purposes under a supplemental levy ordinance adopted August 6, 1935. This objection was overruled and objector has appealed directly to this court.

Prior to amendment, section 19 of the Chicago Park District act (Ill. Rev. Stat. 1937, chap. 105, par. 333.19) imposed a maximum rate for general corporate purposes of three mills per $100 valuation. On December 31, 1934, the district adopted its annual appropriation ordinance for 1935, and on January 15, 1935, passed its tax levy ordinance for that year. Subsequently, the legislature amended section 19 to authorize a rate for corporate purposes in the year 1935 sufficient to produce the sum of $9,000,000, and empowered the district to adopt a supplemental tax levy up to an amount which, when added to the amount theretofore legally levied, would not exceed that sum. Pursuant to au-

thority granted by the amendment, the park district, on July 23, 1935, adopted a supplemental appropriation ordinance for the sum of $1,800,000 and thereafter passed a supplemental levy ordinance for that amount. The sole issue presented to us on this appeal is the constitutionality of the amendment to section 19.

Objector first contends that by this amendment the legislature has imposed a tax upon the inhabitants of a municipal corporation in violation of section 10 of article 9 of the constitution of this State. That section prohibits the legislature from levying a tax for corporate purposes upon a municipality or the inhabitants thereof. It not only prohibits a direct levy by the legislature but also the creation of a debt for local purposes which must be met by local taxation. (*People* v. *Block*, 276 Ill. 286.) Where, however, the debt imposed is not for a corporate purpose but arises from the performance of a governmental function benefiting alike all the citizens of the State, this section is not a restriction since, under such circumstances, the municipality acts as an agency of the State. (*People* v. *County Comrs.* 355 Ill. 244, (fees of petit jurors); *DeWolf* v. *Bowley*, id. 530, (judicial pensions); *St. Hedwig's School* v. *Cook County*, 289 id. 432, (support of dependent girls); *Chicago, Milwaukee and St. Paul Railway Co.* v. *Lake County*, 287 id. 337, (grade crossings); *People* v. *Williamson County*, 286 id. 44, (bridges); *Trustees* v. *Lincoln Park*, 282 id. 348, (police pensions); *People* v. *Abbott*, 274 id. 380 (same); *City of Chicago* v. *Knobel*, 232 id. 112, (expenses of petit jurors).) In fact, it has been held that this section does not apply at all to debts imposed upon *quasi*-governmental units such as counties or townships. (*Bolles* v. *Prince*, 250 Ill. 36; *Wetherell* v. *Devine*, 116 id. 631.) This provision has also been applied to prevent legislative validation of a local tax levy, void at its inception. In *People* v. *Stitt*, 280 Ill. 553, and *People* v. *Mathews*, 282 id. 85, it was held that such validating acts were inoperative

only if enacted after judgment and sale of the property. (See also *People* v. *Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Co.* 284 Ill. 87; *Fisher* v. *Fay,* 288 id. 11.) In a long line of subsequent decisions, however, we have held that a statute which purports to validate a levy originally made by a local taxing body without or in excess of then existing authority, actually results in the imposition of a tax upon the inhabitants of a municipality by the legislature and consequently violates this section of the constitution. (*People* v. *Chicago and Eastern Illinois Railway Co.* 365 Ill. 202; *People* v. *Chicago and Eastern Illinois Railway Co.* 343 id. 101; *People* v. *Chicago and Northwestern Railway Co.* 340 id. 102; *People* v. *Central Illinois Public Service Co.* 328 id. 440; *People* v. *New York, Chicago and St. Louis Railroad Co.* 316 id. 452; *People* v. *Pittsburgh, Cincinnati, Chicago and St. Louis Railway Co.* id. 410; *People* v. *Illinois Central Railroad Co.* 311 id. 113; *People* v. *Illinois Central Railroad Co.* 310 id. 212.) Section 10 of article 9, however, does not prohibit the enactment of enabling acts by the legislature, pursuant to which a municipality may or may not, as it chooses, take advantage of the power to impose additional local taxes for corporate purposes. (*People* v. *Mills Novelty Co.* 357 Ill. 285.) As we said in *Braun* v. *City of Chicago,* 110 Ill. 186: "There is no limitation on the legislative power to invest * * * municipalities with power to tax for corporate purposes, but they shall be uniform as to persons and property within the corporate limits." One exception to this rule exists, however, as we recently pointed out in *People* v. *Baum,* 367 Ill. 249. Where a statute, although in the form of an enabling act, actually validates an illegal levy already made, it is void under section 10 even though, thereafter, the municipal authorities re-adopt the levy originally illegal.

The amendment to section 19 of the Chicago Park District act is in the form of an enabling act permitting the

park district to adopt supplemental appropriation and levy ordinances to raise additional funds needed for the year 1935. No duty is imposed upon the park district to make the supplemental levy; the statute merely authorizes it so to do if, in its discretion, it deems it advisable. The legislature did not exceed its powers by granting this authority. (*People* v. *Mills Novelty Co. supra.*) Nor does this statute validate a levy originally illegal, as was the fact in *People* v. *Baum, supra.* While it is true that the original levy ordinance adopted by the park district in 1935 resulted in a rate of taxation approximately .053603 in excess of the rate then authorized, there is no evidence in the record tending to prove that the amendment to section 19 purported to validate that excess. On the other hand, in the *Baum case* we found "that the record in this case shows these acts to have been passed for the purpose of validating the levies made in excess of the then existing legal rates, which excess was illegal when levied." Furthermore, unlike the present case, the action of the legislature condemned in the *Baum case* came in 1935, after the tax books for the year 1934 had been closed. It therefore clearly appears that the reasons underlying our decision in the *Baum case* are not supported by the facts in the case before us.

It is further objected that the amendment to section 19 of the Chicago Park District act amends section 17 of that act but fails to so state in its title, thereby violating section 13 of article 4 of the constitution. Section 19, prior to amendment, granted authority to the Chicago Park District to levy a tax, prescribed the maximum rate therefor and described the manner in which it should be levied. The amendment thereto increased the amount which might be raised by taxation in the years 1935 and 1936, and provided that supplemental appropriation and levy ordinances might be adopted. Section 17 authorizes the adoption of annual appropriation ordinances by the park district but provides that only one appropriation ordinance may be passed

in one fiscal year. Because supplemental appropriation ordinances are permitted under the amendment to section 19, the objector asserts that section 17 is likewise amended. In our judgment, this position is untenable. Section 17 was, prior to 1935, and is now, a limitation upon the powers of the park district. The amendment to section 19 provided a scheme of taxation complete in itself which was operative for only a limited period of time. It did not conflict with section 17—it merely suspended its operation for two years, 1935 and 1936. This court has held that section 13 of article 4 of the constitution does not require that "when a new act is passed the entire body of all prior acts in any way modified by the new act shall be published at length in the amendatory act. Only the section or sections amended need be inserted at length. The purpose of the constitutional provision is to avoid confusion arising from patchwork legislation and not to require a practically endless reiteration of amended statutes." (*Crocher* v. *Abel,* 348 Ill. 269.) Objector claims, however, that *Broder* v. *Krenn,* 334 Ill. 256, and *People* v. *Jarecki,* 363 id. 180, sustain its position. In the former, we held invalid an amendment to section 56 of the Municipal Court act, which dealt primarily with costs, because it contained provisions concerning jury trials which conflicted with existing provisions of section 30 of that act on the same subject. In the latter case, a statute which expressly referred to section 177 of the Revenue act, and which purported to change its provisions, was stricken because section 177 was not mentioned in the title of the new act nor were its provisions set out in full as required by the constitution. Neither of these cases are parallel with the case at bar. The amendment before us is an independent act, complete in itself as to the subject with which it deals, and was, therefore, not within the mischief intended to be remedied by the constitutional prohibition in question. It has been decided many times that the incidental modification of existing laws by an act complete in itself does not violate

section 13 of article 4 of the constitution. *Steinhagen* v. *Trull,* 320 Ill. 382.

It is also clear that section 34 of article 4 of the constitution did not require the submission of this amendment to a referendum. Section 34 limits the powers of the legislature to pass laws providing "a scheme or charter of local government for the territory now or hereafter embraced within the limits of the city of Chicago," for the consolidation "in the municipal government of the city of Chicago" of the powers of the board of education, park districts and other independent municipal corporations "having jurisdiction confined to or within said territory" and for "the assumption by the city of Chicago of the debts and liabilities of the governments or corporate authorities whose functions within its territory shall be vested in said city of Chicago" by requiring that laws on these subjects be submitted to a referendum in the territory affected. The Chicago Park District act did not provide a scheme of government for the city of Chicago nor did it provide for the consolidation of existing park districts *with* the city of Chicago, even though the various parks affected were largely within the Chicago city limits. That act created an entirely new municipal corporation vested with the powers formerly exercised by many smaller governmental units, and was not subject to the provisions of section 34. Hence, the amendment to section 19 of that act was not required to be submitted to a vote of the people. While it is true that the original act was submitted to a referendum, this action was not necessary, nor do our decisions in *People* v. *Kelly,* 357 Ill. 408, and *Kocsis* v. *Chicago Park District,* 362 id. 24, so hold. In the former case, it was expressly agreed by the parties "that the provisions in the act for a referendum in the area of the Chicago Park District on the question of the creation and organization of the district was not an improper delegation of legislative power." Thus, whether the act came within the provisions of section 34 was not before us in the

*Kelly case.* Nothing said in our opinion in the *Kocsis case* was intended to enlarge the effect of section 34, for that section only applies when park districts are consolidated "in the municipal government of the city of Chicago." The Chicago Park District act is, likewise, not a law "affecting the municipal government of the city of Chicago" and does not come within the provisions of the last paragraph of section 34. Although the commissioners of the district are appointed by the mayor of Chicago with the approval of the city council, and exercise powers formerly held by officials formerly within its area, the act does not affect the government of the city of Chicago in any way nor does it restrict, or change in any manner, the powers previously exercised by the city. The last paragraph of section 34, therefore, is not applicable to the act creating the Chicago Park District.

It is finally claimed that if the amendment to section 19 does not come within the provisions of section 34 of article 4 of the constitution it is a local and special law violating the provisions of section 22 of the same article. The answer to this is that section 22 does not prohibit special legislation in respect to parks. *People* v. *Kocsis, supra,* and cases cited.

We believe the amendment to section 19 of the Chicago Park District act was a valid exercise of legislative power, and the levy ordinance adopted thereunder by the district is, likewise, valid.

The judgment of the county court of Cook county is affirmed.

*Judgment affirmed.*

STONE and FARTHING, JJ., dissenting: We dissent for the reason given in the dissenting opinion in *People* v. *Schweitzer, ante,* p. 355.