(No. 25929.—

RAY W. MORGAN *et al.* Appellees, *vs.* THE CITY OF ROCK-FORD, Appellant.

*Opinion filed Dec. 16, 1940—Rehearing denied February 12, 1941.*

A. V. ESSINGTON, Corporation Counsel, CARROLL H. NELSON, City Attorney, and WILLIAM H. BARRICK, for appellant.

MILLER & THOMAS, and KARL C. WILLIAMS, (CHARLES A. THOMAS, and J. PHILLIP DUNN, of counsel,) for appellees.

Per CURIAM: The defendant, the city of Rockford, appeals from a judgment of the circuit court of Winnebago county rendered in favor of the plaintiffs, 137 members of the city police and fire departments, for the respective difference between the salaries paid them from July 13 to and including December 31, 1937, and from January 1, 1939, to May 1, 1940, and the minimum salaries of $175 per month prescribed by the Policemen's Minimum Wage act and the Firemen's Minimum Wage act. Defendant's contentions that the two Minimum Wage laws violate sections 13 and 22 of article 4 and section 10 of article 9 of our constitution, (*People* v. *City of Peoria,* 374 Ill. 313; *Littell* v. *City of Peoria,* id. 344; *People* v. *City of Springfield,* 370 Ill. 541;) and that one of the amendatory acts, known as the Rhodes amendments, effective July 21, 1939, providing for an additional tax and the adoption of the Firemen's Minimum Wage act by a referendum, does not transcend section 13 of article 4, (*People* v. *City of Peoria, supra,*) have been decided adversely to it. Upon the authority of *People* v. *City of Peoria, supra,* the second amendatory act, providing for an additional tax and the adoption of the Policemen's Wage act by a referendum, is void.

Plaintiffs prosecute a cross-appeal, contending that the judgment should have included interest on the defaulted monthly amounts of their minimum salaries conformably to section 2 of the Interest act which, so far as pertinent, provides: "Creditors shall be allowed to receive at the rate of (5) per centum per annum * * * on money withheld

by an unreasonable and vexatious delay of payment." Ill. Rev. Stat. 1939, chap. 74, par. 2, p. 1905.) Apart from the question of whether the delay of payment has been both unreasonable and vexatious, (*County of Franklin* v. *Layman,* 145 Ill. 138; *West Chicago Alcohol Works* v. *Sheer,* 104 id. 586;) a municipal corporation is not chargeable with interest on claims against it, in the absence of express agreement, except where money is wrongfully obtained and illegally withheld by it. (*Smith* v. *County of Logan,* 284 Ill. 163; *City of Danville* v. *Danville Water Co.* 180 id. 235; *City of Peoria* v. *Fruin-Bambrick Construction Co.* 169 id. 36.) Admittedly, defendant did not agree to pay interest on the challenged claims, and plaintiffs have neither alleged nor proved that it wrongfully obtained and illegally withheld any money owing them.

A stipulation of facts discloses that plaintiffs DeCamp, Nordberg and Holmberg were appointed to the police department on February 22, 1937, and completed one year's duty as regularly employed patrolmen on February 22, 1938, and that plaintiff, Moritz C. Johnson, appointed on May 7, 1939, completed a year's service on May 7, 1940. The circuit court held that these four plaintiffs became entitled to minimum salaries only after a year's service in the department. By the cross-appeal the further contention is made that the four named plaintiffs became "policemen," within the contemplation of section 1 of the Policemen's Minimum Wage act, immediately upon their appointment and were, accordingly, then entitled to receive the minimum salaries. Section 1 declares: "The word 'policeman' means any member of a regularly constituted police department of a city, village or incorporated town, sworn and commissioned to perform police duties, and includes the chief of police, assistant chief of police, chief of detectives, captains, lieutenants, sergeants, plain clothes men and patrolmen." (Ill. Rev. Stat. 1939, chap. 24, par. 860a, p. 591.) Section 2 excludes "special policemen temporarily employed or commissioned as police officers" from the provisions of the act.

On July 13, 1937, when these provisions became effective, section 12 of the Fire and Police Commissioners act, as amended March 20, 1937, provided, in part: "The term officer or member of the fire or police department of such city, village or incorporated town as used herein shall include all officers and members of the fire and police departments of such cities, villages or incorporated towns who shall have been employed as regular members of such fire or police department for more than one year. Such regular employment for more than one year shall constitute such officers or members city officers." (Ill. Rev. Stat. 1939, chap. 24, par. 854, p. 590.) The Minimum Wage law deals solely with the subject of salaries of policemen and the General Assembly has, in unambiguous terms, ordained that those described in section 1 and who do not fall within the exception of the second section, are eligible to the benefits of the statute. Not purporting to limit its application to those policemen who have served a probationary period of service, the Minimum Wage law applies, instead, to "any member of a legally constituted police department of a city, * * * commissioned to perform police duties," including "patrolmen." On the other hand, the definition of "officer or member of the police department" in the Fire and Police Commissioners act is, by the plain language of section 12 of the earlier statute, restricted in meaning, "as used herein." We cannot, by a tortuous construction, add a qualification to the requirements for minimum wages which the legislature has not seen fit to incorporate in the applicable act. Not being special policemen temporarily employed, plaintiffs' second contention must be sustained.

The judgment of the circuit court is affirmed in all respects except as to plaintiffs DeCamp, Nordberg, Holmberg and Moritz C. Johnson. As to them it is reversed and the cause remanded, with directions to render judgment in accordance with this opinion.

*Affirmed in part; reversed in part,*
*and remanded, with directions.*