PENNWALT CORPORATION, a corporation, Plaintiff,

v.

The **METROPOLITAN SANITARY DISTRICT OF GREATER CHICAGO**, a municipal corporation, Defendant.

No. 72 C 1776.

United States District Court, N. D. Illinois.

July 29, 1974.

Jeffrey Kuta, Hopkins, Sutter, Owen, Mulroy & Davis, Chicago, Ill., for plaintiff.

Allen S. Lavin, Chicago, Ill., for Metro. San. Dist. of Greater Chicago.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendant's motion to vacate that portion of the judgment order of December 20, 1973 which requires the Metropolitan Sanitary District of Greater Chicago to pay interest.

This is a diversity of citizenship action seeking to redress the alleged unjust enrichment of the Metropolitan Sanitary District of Greater Chicago

("Sanitary District") by its refusal to reimburse the plaintiff Pennwalt Corporation ("Pennwalt") for Pennwalt's discharge of the Sanitary District's legal obligation to pay Illinois Use Tax. On December 12, 1973 this Court granted summary judgment for the plaintiff and against the defendant Sanitary District. See Pennwalt Corp. v. Metropolitan Sanitary District, 368 F.Supp. 972 (N.D.Ill. 1973). On December 20, 1973, this Court, in accordance with the relief requested in Pennwalt's complaint, entered a judgment order requiring the Sanitary District to pay Pennwalt the principal amount of the Use Tax judgment ($34,403) plus interest thereon from the date the Use Tax was charged against Pennwalt, February 25, 1970, at the rate of five per cent per annum until December 20, 1973, and at the rate of six per cent per annum thereafter.

The defendant Sanitary District, in support of its instant motion, contends that:

1. In the absence of an agreement, a municipal corporation is not liable for interest unless it has wrongfully obtained and illegally withheld funds.

2. The Sanitary District should not be liable for interest from February 25, 1970 to December 20, 1973 because litigating a claim does not constitute an unreasonable and vexatious delay so as to render the withholding of funds illegal.

3. The Sanitary District should not be liable for interest from the date of entry of the judgment order in this cause to the date of payment to the Sanitary District following the statutory procedures prescribed before funds can be disbursed.

The plaintiff Pennwalt, in opposition to the instant motion, contends that:

1. A court acting in equity may always grant interest.

2. The Sanitary District has withheld funds in contravention of an Illinois statute.

It is the opinion of this Court that the portion of the judgment order of December 20, 1973 which requires the Sanitary District to pay interest should be vacated in the interest of justice and public policy.

I. THE PLAINTIFF HAS FAILED TO ADEQUATELY DEMONSTRATE THAT THE DEFENDANT MUNICIPAL CORPORATION IS LEGALLY LIABLE FOR INTEREST ON THE JUDGMENT.

 It is well settled under Illinois law that a municipal corporation, in the absence of an express agreement, is not liable for interest unless the funds have been wrongfully obtained or illegally withheld. See Woodruff v. City of Chicago, 394 Ill. 542, 69 N.E.2d 287 (1946); Morgan v. City of Rockford, 375 Ill. 326, 31 N.E.2d 596 (1941); County of Franklin v. Layman, 145 Ill. 138, 33 N.E. 1094 (1893). The defendant Sanitary District is a municipal corporation organized to secure, preserve, and promote the public health. Coal Creek Drainage and Levee District v. Sanitary District of Chicago, 336 Ill. 11, 167 N.E. 807 (1929); Judge v. Bergman, 258 Ill. 246, 101 N.E. 574 (1913). Pennwalt has not alleged that the Sanitary District agreed to pay interest on the money which Pennwalt paid to the State of Illinois. Nor does it appear to this Court that the defendant Sanitary District illegally withheld the funds. The Sanitary District, as a municipal corporation supported by the taxpayers of Cook County, had a putative duty to litigate Pennwalt's claim before expending the public funds. The Sanitary District should not be penalized for doing so by being required to pay interest.[1] It is clear to

---

1. So also it would be unreasonable to require a municipal corporation to pay interest from the time of the judgment order to the time

its administrative machinery, with due diligence, can pay the judgment order. Section 324o of Chapter 42 of the Illinois Revised

this Court, after reviewing the relevant pleadings and its ruling granting summary judgment for the plaintiff, that the defendant Sanitary District's refusal to pay the funds to Pennwalt was not of itself an unlawful or illegal act because the defendant was merely mistaken as to the proper legal interpretation of the relevant statute. The defendant's incorrect legal position was not so frivolous or unfounded that its refusal to pay Pennwalt can be termed illegal *per se*.

■ For this Court to order the defendant Sanitary District to pay interest on the principal amount of the Use Tax judgment merely because the Sanitary District desired a court to decide the "difficult" controversy would be to unjustly inflict a penalty on the municipal corporation for seeking judicial redress before expending public funds. Such a penalty would be contrary to the law and public policy of the State of Illinois.[2] The reluctance of the Sanitary District to pay Pennwalt the disputed funds without a direct Court order is not *per se* a sufficient and compelling justification for this Court to rule contrary to the express law of the State of Illinois.

The plaintiff has failed to adequately demonstrate that it is entitled to interest on the instant judgment.[3]

## II. EQUITY DOES NOT REQUIRE THAT THE SANITARY DISTRICT BE HELD LIABLE FOR INTEREST ON THE USE TAX JUDGMENT.

■ It is clear to this Court from the facts in the instant case that equity does not require that the Sanitary District pay interest on the Use Tax judgment. Pennwalt contends that it sought payment of the Use Tax from the Sanitary District in 1961 and 1966 and that since nearly four years ago when Pennwalt paid the Use Tax claim the Sanitary District has had use of the money which equitably and legally belongs to Pennwalt. The Sanitary District adequately contends that if it had paid the money before it was ordered to by a Court it would have been severely criticized for expending the taxpayers' money to pay a questionable claim. Pennwalt itself questioned the imposition of the Use Tax on the instant contract by contesting the assessment at the hearings held

Statutes requires the Board of Trustees of the District to authorize payment of the judgment sum to Pennwalt before the Treasurer can disburse the funds. As long as the Sanitary District uses due diligence in paying the judgment no interest from the date of judgment would be reasonable or just. See, e. g., Western Sand Co. v. Town of Cornwall, 2 Ill.2d 560, 119 N.E.2d 261 (1954).

2. Even if the Sanitary District was not immune by reason of being a municipal corporation it could not be held liable for interest under Illinois law. Section 2 of Chapter 74 of the Illinois Revised Statutes authorizes the recovery of interest on "money withheld by an unreasonable and vexatious delay of payment". It is clear to this Court that the defendant's conservative approach to the expenditure of public funds cannot be termed a *per se* unreasonable and vexatious delay of payment. See Woodruff v. City of Chicago, *supra;* Aldrich v. Dunham, 16 Ill. 403 (1885). See also Dempsey-Tegeler and Co. v. Irwin, 415 F.2d 1348 (7th Cir. 1969) ; Alder v. Consumers Co., 152 F.2d 696 (7th Cir. 1945). Also Pennwalt briefly alludes to that part of Section 2 of Chapter 74 which

allows interest "on money lent or advanced for the use of another". Generally, this clause is applicable only where A requests that B loan money or advance money on his behalf to C and in return A promises to repay the money to B. It is clear to this Court that there was no such agreement between the parties and this section does not apply to the instant action. See Perin v. Parker, 126 Ill. 201, 18 N.E. 747 (1888) ; Cease v. Cockle, 76 Ill. 848 (1875).

3. The cases which Pennwalt cites in support of its contention that the Sanitary District is liable for interest in its judgment are distinguishable from the instant action because in those cases, unlike in this action, the municipal corporation had a "fiduciary" or "special" relationship with the plaintiff and illegally withheld payment of the funds. See, e. g., Norfolk & Western Railroad Co. v. Board of Education, 114 F.2d 859 (7th Cir. 1940) ; Conway v. City of Chicago, 237 Ill. 128, 86 N.E. 619 (1909) ; Rothschild v. Village of Calumet Park, 350 Ill. 330, 183 N.E. 337 (1932) ; Cook v. City of Stanton, 295 Ill.App. 111, 14 N.E.2d 696 (1938) ; Board of Trustees v. Village of Glen Ellyn, 337 Ill.App. 183, 85 N.E.2d 473 (1949).

by the Department of Revenue in 1969 and by taking administrative review from the Department's ruling. Apparently, Pennwalt had some serious doubts as to whether the Use Tax was owed under the instant contract. It is patently unreasonable to contend that under these circumstances the Sanitary District should have paid the taxes to Pennwalt in 1961 and 1966. Further as this Court noted above it would be unjust and contrary to the public policy of the State of Illinois to penalize the Sanitary District for refusing to pay Pennwalt's claim until a court resolved this "difficult" controversy. Also it would be inequitable to penalize a municipal corporation for its putative conservative approach to the expenditure of public funds. Thus it is clear to this Court that it would violate the fundamental principles of equity and justice to order the Sanitary District to pay interest on the instant judgment.

Accordingly, it is hereby ordered that the defendant's motion is granted and that portion of this Court's judgment order which requires the Metropolitan Sanitary District of Greater Chicago to pay interest is vacated.